**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

My C.,[1]                                              Case No. 26-CV-1480 (DSD/JFD)

                    Petitioner,

v.                                                    **REPORT AND**
                                                    **RECOMMENDATION**

Pamela Bondi,

                    Respondent.

Petitioner My C. challenged her continued immigration detention in a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 that was filed on February 17, 2026. Petitioner asserted that her detention was unconstitutional because it exceeded the presumptively reasonable six-month period established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and there was no significant likelihood of removal in the reasonably foreseeable future. (Pet. at 2, Dkt. No. 1.) Petitioner was removed from the United States to Vietnam on March 15, 2026, pursuant to a final order of removal. Accordingly, the Petition is moot, and the Court recommends that it be denied as moot.

Petitioner entered the United States as a refugee in 1979. (Robinson Decl. ¶ 4, Dkt. No. 6.) She became a Lawful Permanent Resident in 1981. (*Id.* ¶ 5.) Petitioner was convicted of Assault with a Deadly Weapon in 2011 and incarcerated at the Central

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

California Women's Correctional Facility. (*Id.* ¶ 6 & Ex. A.) In 2012, U.S. Immigration and Customs Enforcement ("ICE") located Petitioner at that facility and commenced removal proceedings upon her release. (*Id.* ¶ 6.) On November 8, 2012, an immigration judge ordered Petitioner removed from the United States to Vietnam. (*Id.* ¶ 8 & Ex. B.) Petitioner waived appeal, and the order of removal became administratively final. (*Id.* ¶ 8.) Petitioner was released on an order of supervision in 2013. (*Id.* ¶ 9 & Ex. C.)

While on supervision, Petitioner was convicted of Possession of Methamphetamine with Intent to Distribute. (*Id.* ¶ 10.) Upon completion of her sentence for that conviction in September 2025, her supervision was revoked, and she was re-detained by ICE at the Sherburne County Jail in Elk River, Minnesota. (*Id.* ¶¶ 11, 16; 2d Robinson Decl. ¶ 8, Dkt. No. 9.) In October 2025, ICE requested a travel document in furtherance of Petitioner's removal, and the request was approved and forwarded to the Vietnamese attaché on December 16, 2025. (Robinson Decl. ¶¶ 12–13.) A travel document was issued by Vietnam on January 16, 2026. (*Id.* ¶ 14 & Ex. D.) Petitioner was removed from the United States to Vietnam on March 15, 2026. (2d Robinson Decl. ¶ 13, Dkt. No. 9.)

The United States Constitution limits the subject-matter jurisdiction of federal courts to ongoing cases and controversies. *See* U.S. Const. art. III, § 2, cl. 1. "[A]n actual [case or] controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). When "the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (cleaned up). If an

action is moot because it no longer satisfies the case-or-controversy requirement, a federal court has "no discretion and must dismiss the action for lack of jurisdiction." *Id.* at 724.

Petitioner has been removed from the United States. While this was presumably not the outcome she desired, she is no longer in custody and, indeed, is no longer within the jurisdiction of this Court. *See id.*; *see Morley v. Trump*, No. 25-CV-1580 (KMM/JFD), 2025 WL 1757639, at *1 (D. Minn. June 25, 2025) ("In a habeas action, the release of the petitioner ordinarily means that the court can no longer provide effective relief and should dismiss the case without prejudice for lack of subject-matter jurisdiction."). Petitioner can no longer receive effective relief from this Court, and her Petition is therefore moot.[2] *See Morley*, 2025 WL 1757639, at *2.

There are several exceptions to mootness, however, and the Petition should not be denied as moot if any of the following circumstances are present:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*See Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R. & R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017). None of these circumstances are present here. First, there are no remaining secondary or collateral injuries apparent from the record. Second, a period of continued immigration detention is unlikely to be repeated

---

[2] Because the Petition is moot, the Court does not determine whether the revocation of Petitioner's supervised release and resulting immigration detention were lawful.

in light of Petitioner's removal to Vietnam, and any re-detention would be based on new facts, not the current record. Third, there is no basis to find that Respondent voluntarily ceased an allegedly illegal practice that could be resumed at any time. Finally, this matter is not a certified class action. Consequently, none of the exceptions to mootness apply here.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner My C.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be **DENIED AS MOOT** and this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: March 30, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).